UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY BURGESS,<br><br>        Petitioner,<br><br>   v.<br><br>HECTOR ALFONSO RIOS, Warden,<br><br>        Respondent. | 1:12-cv-00544-SKO-HC<br><br>ORDER DISMISSING THE PETITION WITH LEAVE TO FILE AN AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER<br><br>**DUE DATE FOR FILING THE FIRST AMENDED PETITION: THIRTY (30) DAYS**<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on April 9, 2012.

    I.  Screening the Petition

    The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to

1

proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient.  The petition must instead state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

    The requirement that the petitioner allege specific facts and show the relationship of the facts to the claim is consistent with the purpose of the Habeas Rules, which is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition.  Mayle v. Felix, 545 U.S. 644, 655 (2005).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

    Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to

1  the respondent's motion to dismiss, or after an answer to the
2  petition has been filed.  Advisory Committee Notes to Habeas Rule
3  8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
4  (9th Cir. 2001).

5     A petition for habeas corpus should not be dismissed without
6  leave to amend unless it appears that no tenable claim for relief
7  can be pleaded were such leave granted.  Jarvis v. Nelson, 440
8  F.2d 13, 14 (9th Cir. 1971).

9     Here, Petitioner alleges that he is an inmate of the United
10 States Penitentiary at Atwater, California (USPA) serving a
11 seventy-seven month sentence imposed in September 2008 in the
12 Eastern District of Missouri for being a felon in possession of a
13 firearm.  (Pet. 1-2.)  Petitioner complains that he suffered a
14 disciplinary finding made by a disciplinary hearing officer (DHO)
15 in prison with respect to incident report number 19443315, and
16 inmate investigation report number 92670, apparently at the
17 Federal Correctional Institution at Memphis.  Petitioner alleges
18 that the finding was not true and that he suffered excessive
19 punishment as a result of the finding.  (Id. at 3-6.)

20    Petitioner further alleges that he received the DHO's
21 decision on March 2, 2011, while at "USP Pollock," was removed
22 from that location on March 3, 2011, and thereafter was involved
23 in a transfer process.  Therefore, his filing of his appeal of
24 the DHO's decision in May 2001 was delayed.  Petitioner has
25 received from the prison authorities no response to his appeal,
26 which he alleges has impeded his ability to appeal the DHO's
27 finding.
28 ///

1        II.  <u>Failure to State Facts Entitling Petitioner to Relief</u>
2        Relief by way of a writ of habeas corpus extends to a
3   prisoner in custody under the authority of the United States who
4   shows that the custody violates the Constitution, laws, or
5   treaties of the United States.  28 U.S.C. § 2241(c)(3).  Although
6   a federal prisoner who challenges the validity or
7   constitutionality of his conviction must file a petition for writ
8   of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner
9   challenging the manner, location, or conditions of the execution
10  of a sentence must bring a petition for writ of habeas corpus
11  under 28 U.S.C. § 2241.  <u>Hernandez v. Campbell</u>, 204 F.3d 861,
12  864-65 (9th Cir. 2000).
13       Petitioner appears to be attempting to set forth a claim
14  that he was denied due process of law in connection with the
15  disciplinary proceeding.  Procedural due process of law requires
16  that where the state has made good time subject to forfeiture
17  only for serious misbehavior, prisoners subject to a loss of good
18  time credits must be given advance written notice of the claimed
19  violation, a right to call witnesses and present documentary
20  evidence where it would not be unduly hazardous to institutional
21  safety or correctional goals, and a written statement of the
22  finder of fact as to the evidence relied upon and the reasons for
23  disciplinary action taken.  <u>Wolff v. McDonnell</u>, 418 U.S. 539,
24  563-64 (1974).  Confrontation, cross-examination, and counsel are
25  not required.  <u>Wolff</u>, 418 U.S. at 568-70.
26       Further, where good-time credits are a protected liberty
27  interest, the decision to revoke credits must be supported by
28  some evidence in the record.  <u>Superintendent v. Hill</u>, 472 U.S.

4

445, 454 (1985).  As the Court stated in Hill:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974).

Id. at 455-56.

The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; there need only be some evidence to ensure that there was some basis in fact for the decision.  Id. at 457.  This Court does not make its own assessment of the credibility of witnesses or re-weigh the evidence.  The Court must instead merely ascertain that the evidence has some indicia of reliability and, even if meager, "not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting Superintendent v. Hill, 472 U.S. 445, 457 (1985)).

Here, Petitioner has not alleged specific facts that point to a real possibility of constitutional error in connection with the disciplinary finding.  Petitioner has provided no facts concerning the nature of the disciplinary charge, the evidence submitted in support thereof, the process undertaken with respect

5

to the disciplinary charge, and any penalties imposed as a result of the finding. Petitioner has not alleged facts pointing to a real possibility of constitutional error or related those facts to his claim. The mere fact that petitioner disagrees with the disciplinary finding or claims generally to have been innocent is not a sufficient basis on which to claim entitlement to habeas relief because conclusory allegations, unsupported by a statement of specific facts, are insufficient to warrant relief. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Further, considering the lack of information concerning the underlying disciplinary findings, and in view of Petitioner's filing his petition here, it is unclear how the alleged delay in the administrative appellate process has affected Petitioner's rights or presents an independent basis for relief. Accordingly, Petitioner has not stated a claim that would entitle him to habeas corpus relief.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, it is possible that Petitioner could state specific facts pointing to a real possibility of constitutional error in connection with the disciplinary proceedings. Accordingly, Petitioner will be given an opportunity to state specific facts in an amended petition.

III.  First Amended Petition

The instant petition must be dismissed for the reasons

stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.

    IV.   Disposition

    Accordingly, it is ORDERED that:

    1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

    2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a first amended petition in compliance with this order; and

    3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2241.

IT IS SO ORDERED.

**Dated:**   **April 18, 2012**               /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE