UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY BURGESS, | ) | 1:12-cv—00544-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS WITHOUT LEAVE TO AMEND |
| | ) | PETITIONER'S CLAIMS IN THE FIRST |
| v. | ) | AMENDED PETITION CONCERNING |
| | ) | CONDITIONS OF CONFINEMENT AND |
| HECTOR ALFONSO RIOS, Warden, | ) | VIOLATIONS OF THE EQUAL |
| | ) | PROTECTION CLAUSE AND THE SIXTH, |
| Respondent. | ) | EIGHTH, NINTH, AND THIRTEENTH |
| | ) | AMENDMENTS (DOC. 7) |
| _____ | ) | |

FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DOC. 10)

FINDINGS AND RECOMMENDATIONS TO REFER THE PROCEEDING BACK TO THE MAGISTRATE JUDGE TO DIRECT THE FILING OF A RESPONSE TO THE REMAINING CLAIMS IN THE PETITION

   Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the first amended petition (FAP), which was filed on May 3, 2012, after

Petitioner's original petition was dismissed with leave to amend.

I.   Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). The requirement that the petitioner allege specific facts and show the relationship of the facts to the claim is consistent with the purpose of the Habeas Rules, which is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition. Mayle v. Felix, 545 U.S. 644, 655 (2005). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary

dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges that he is an inmate of the United States Penitentiary at Atwater, California (USPA) serving a seventy-seven-month sentence imposed in September 2008 in the United States District Court for the Eastern District of Missouri for being a felon in possession of a firearm.  (FAP, 1-2.)  Petitioner complains of a finding, made by a disciplinary hearing officer (DHO) at the Federal Correctional Institution at Memphis (FCIM), that Petitioner had committed an assault upon a fellow inmate on September 7, 2009, in connection with incident report number 19443315.  The finding resulted in a loss of forty days of good time credit, placement in the secured housing unit for five months, and limitations of various privileges.

Petitioner raises the following claims in the FAP:  1) his rights under the Due Process Clause, Equal Protection Clause, Sixth Amendment, Eighth Amendment, and various program statements of the Bureau of Prisons (BOP) were violated by the delay in his receipt of the report of the DHO, which resulted in obstruction or extinction of Petitioner's right to appeal the finding; 2) his

rights to due process of law under the Fifth and Fourteenth Amendments, and his rights under the Sixth Amendment, the Eighth Amendment's prohibition of cruel and unusual punishment, the Ninth Amendment, the Thirteenth Amendment, the Fourteenth Amendment, as well as "CONSPIRACY, DOUBLE PUNISHMENT, SLANDER, MALFEASANCE, FALSE DECLARATION, DELIBERATE INDIFFERENCE, GROSS NEGLIGENCE, AND DISCRIMINATION" (FAP 6) were violated by the hearing officer's finding that Petitioner committed the assault because a) there was evidence contrary to the findings, and the DHO should base a decision on the greater weight of the evidence, b) the findings were "prejudice, bias, and impartial" (id. at 6), which appears to constitute a claim of a biased DHO or disciplinary tribunal, c) Petitioner was not permitted to present any evidence, d) Petitioner was not permitted to amend his notice to request staff representation when it was made clear to him that his full statement was not submitted with a "515" or "SIS" report (id. at 7), e) his request for "camera review" was not admissible, and f) his statement to Lieutenant J. Phillips, an investigator, that Petitioner had been in a struggle with inmate Young, was coerced; 3) Petitioner's rights to due process under the Fifth and Fourteenth Amendments, protection from cruel and unusual punishment under the Eighth Amendment, and protection from involuntary servitude under the Thirteenth Amendment were violated by the failure to follow various program statements of the BOP which require full review of the findings, keeping of records of the hearing and supporting documents in central files,

4

and hearing by three staff members instead of two;[1] 4) Petitioner's rights under the Fifth, Sixth, Eight, Ninth, Thirteenth, and Fourteenth Amendments as well as "CONSPIRACY" (id. at 9) were violated by a conspiracy among the investigating officer, Lieutenant J. Phillips, and the warden, associate warden, Captain Phil Roberts, and Lieutenant J. Elam at FCIM, when a) Petitioner was deceived by Lt. Phillips' statement that Petitioner was not being referred for prosecution or being charged with an assault, b) Petitioner's statement was not included in a report, nor was there any mention of how Young's injuries were inflicted, how Petitioner incurred a scratch on his face, or of the use of any weapon, c) various program statements concerning the qualifications and certifications of the investigating officer and the duty of an investigating officer to provide a report, read charges, and state the reason for any delay were disregarded, and d) Lieutenant S. Plunkett undertook a second investigation but refused to record Petitioner's statement, and unspecified evidence was overlooked.

Petitioner seeks monetary relief for settlement of his claim on each level of appeal; an injunction or declaration that detention in the United States Prison system is arbitrary, unlawful, and unconstitutional; injunctive relief against transfer, detention, destruction of files, and staff interference and retaliation; surrender of all evidence related to the incident report, including the full names of all staff involved;

---

[1] In his third claim, Petitioner repeats some of the allegations of the previous two claims; in the interest of economy, the repetitive allegations are not repeated in the Court's summary of the claims.

5

1  expungement of the incident report and all subsequent incident
2  reports; restoration of Petitioner's good conduct credits, all
3  points, and his former custody classification; dismissal of close
4  supervision; and transfer or release to a residential drug abuse
5  program.  (FAP at 11.)
6      II.  <u>Conditions of Confinement</u>
7      A federal court may not entertain an action over which it
8  has no jurisdiction.  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865
9  (9th Cir. 2000).
10      Relief by way of a writ of habeas corpus extends to a person
11  in custody under the authority of the United States if the
12  petitioner can show that he is "in custody in violation of the
13  Constitution or laws or treaties of the United States."  28
14  U.S.C. § 2241(c)(1) & (3).  Specifically, a habeas corpus action
15  is the proper mechanism for a prisoner to challenge the fact or
16  duration of his confinement.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475,
17  485 (1973); <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991);
18  <u>Tucker v. Carlson</u>, 925 F.2d 330, 332 (9th Cir. 1990).  However,
19  to the extent that the prisoner seeks damages or injunctive
20  relief for civil rights violations, the prisoner's claim or
21  claims are properly brought in an action pursuant to <u>Bivens v.
22  Six Unknown Named Narcotics Agents</u>, 403 U.S. 388 (1971).  <u>See</u>,
23  <u>Tucker v. Carlson</u>, 925 F.2d at 332.
24      Here, Petitioner's complaints concerning conspiracy,
25  retaliation, slander, deliberate indifference, gross negligence,
26  discrimination, deceptive statements concerning the authorities'
27  intentions concerning prosecution or charges, and limitations on
28  various privileges in prison relate not to the legality or

6

1  duration of Petitioner's confinement, but rather to the
2  conditions of Petitioner's confinement.  Petitioner is seeking
3  relief related to the conditions of confinement to the extent
4  that he seeks monetary and injunctive relief concerning staff
5  interference and retaliation, orders concerning the possession of
6  evidence relating to the incident report, changes in Petitioner's
7  classification points and custody classification, termination of
8  close supervision, and transfer or release to a residential drug
9  abuse program.
10     As Petitioner is challenging his conditions of confinement,
11 and not matters relating to the legality or duration of his
12 confinement, these claims are not cognizable in this proceeding
13 pursuant to 28 U.S.C. § 2241.  It will, therefore, be recommended
14 that these claims be dismissed without leave to amend and without
15 prejudice to bringing them in a civil rights action pursuant to
16 <u>Bivens v. Six Unknown Named Narcotics Agents</u>, 403 U.S. 388
17 (1971).
18     III.  <u>Violations of Program Statements</u>
19     Petitioner alleges that various program statements of the
20 Bureau of Prisons (BOP) were violated by actions of BOP staff.
21 For example, Petitioner complains of the failure to include
22 Petitioner's statement in a report, a delay in Petitioner's
23 receipt of the DHO's report, the extent of the BOP's review of
24 the findings, the manner in which records of the disciplinary
25 hearing were stored in the central files, the identity and
26 qualifications of the staff members who heard the violation, the
27 reading of charges, and a statement of the reasons for delay.
28 ///

7

The BOP's purported noncompliance with a program statement has been held not to be a violation of federal law because a program statement is an internal agency guideline that may be altered by the BOP at will; it is not subject to the Administrative Procedure Act's procedures of public notice and comment. Thus, such noncompliance does not state a claim cognizable in a 2241 proceeding. Reeb v. Thomas, 636 F.3d 1224, 1227-29 (9th Cir. 2011). This Court lacks subject matter jurisdiction over such a claim. Id.

Thus, to the extent that Petitioner is challenging mere violations of program statements, as distinct from violations of the Constitution, federal statute, or other established federal law, it will be recommended that his claims be dismissed without leave to amend.

IV. Equal Protection

Petitioner alleges generally that the delay in his receipt of the DHO's report violated his rights under the Equal Protection Clause. (Pet. 3.)

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). The Equal Protection Clause essentially directs that all persons similarly situated should be treated alike. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Violations of equal protection are shown when a respondent intentionally

8

discriminates against a petitioner based on membership in a protected class, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or when a respondent intentionally treats a member of an identifiable class differently from other similarly situated individuals without a rational basis, or a rational relationship to a legitimate state purpose, for the difference in treatment, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008).

Petitioner has not alleged that membership in a protected class was the basis of any alleged discrimination, or that there was any intentional treatment of Petitioner that was different from the treatment of any similarly situated individuals. Further, neither Petitioner's allegations of fact nor his documentation in support of the FAP suggests that a tenable equal protection claim could be stated if leave to amend were granted.

In sum, Petitioner has failed to set forth specific facts that point to a real possibility of constitutional error based on the Equal Protection Clause. It does not appear that Petitioner could state a tenable equal protection claim if leave to amend were granted. Accordingly, it will be recommended that Petitioner's equal protection claim be dismissed without leave to amend.

V. Sixth Amendment Claims

Petitioner alleges generally that his rights under the Sixth Amendment were violated by the delay in his receipt of the DHO's report, the finding that he had committed the assault, and the procedures used in connection with the hearing and post-hearing

9

process, which Petitioner alleged were in violation of various program statements. (Pet. 3, 9-10.)

Other than a general reference to the Sixth Amendment, Petitioner does not set forth or suggest a legal theory or basis for his claims. Petitioner does not allege specific facts that tend to show a violation of the Sixth Amendment.

Petitioner has failed to set forth facts that point to a real possibility of constitutional error. Because the Sixth Amendment relates to rights an accused enjoys in the course of criminal prosecutions,[2] and because Petitioner's claim relates to the conduct of the BOP in connection with a disciplinary violation, it does not appear that Petitioner could plead a tenable claim for relief if leave to amend were granted. Accordingly, it will be recommended that Petitioner's Sixth Amendment claims be dismissed without leave to amend.

VI. <u>Ninth Amendment Claim</u>

Petitioner alleges generally that his rights under the Ninth Amendment were violated by the delay in his receipt of the DHO's report. (Pet. 3-5.)

The Ninth Amendment provides, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people. U.S. Const. amend. IX. Other than a general reference to the Ninth Amendment, Petitioner does not set forth or suggest a legal theory or basis for his claim. Petitioner does not allege specific facts that tend to show a violation of the Ninth Amendment.

---

[2] The Sixth Amendment expressly provides in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right to...."

10

Petitioner has failed to set forth facts that point to a real possibility of constitutional error. Because the Ninth Amendment relates to rights retained by the people, whereas Petitioner's claim relates to the conduct of the BOP in connection with a disciplinary violation, it does not appear that Petitioner could plead a tenable claim for relief if leave to amend were granted. Accordingly, it will be recommended that Petitioner's Ninth Amendment claim be dismissed without leave to amend.

VII.   Thirteenth Amendment Claim

Petitioner alleges generally that the delay in receipt of the DHO's report violated his rights under the Thirteenth Amendment (pet. 3-5), which proscribes slavery and involuntary servitude "except as a punishment for crime whereof the party shall have been duly convicted," and empowers Congress to enforce the article. U.S. Const. amend. 13.

Where a person is duly tried, convicted, sentenced, and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises. Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963), cert. den., 375 U.S. 982 (1964). Even if Petitioner had been required to work as a penalty for the disciplinary violation, such a work requirement would have been imposed in accordance with prison rules, and thus the Thirteenth Amendment would be inapplicable. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994). However, the documentation of the disciplinary proceedings in the present case does not indicate that any work was imposed as a penalty in connection with Petitioner's assault of his fellow inmate.

11

1   Petitioner has failed to allege facts that point to a real
2 possibility of a constitutional violation. Accordingly, it will
3 be recommended that Petitioner's Thirteenth Amendment claim be
4 dismissed without leave to amend.
5       VIII.   Eighth Amendment Claims
6       Petitioner alleges that his rights under the Eighth
7 Amendment were violated by the delay in his receipt of the report
8 of the DHO, the finding of guilt, and the pre-hearing and post-
9 hearing processes used by the prison authorities that were
10 allegedly in violation of program statements.  (Pet. 3-4, 8-10.)
11      The Eight Amendment prohibits excessive bail, excessive
12 fines, and cruel and unusual punishments.  U.S. Const. amend.
13 VIII.  Pursuant to the analysis set forth above in connection
14 with Bivens claims concerning conditions of confinement,
15 Petitioner's complaint regarding his prison conditions as
16 distinct from his loss of good time credits should be dismissed
17 without leave to amend because it concerns conditions of
18 confinement and should be raised in a Bivens suit.
19      Petitioner's complaint regarding his loss of forty days of
20 conduct credit similarly fails to allege facts that point to a
21 real possibility of a violation of the Eighth Amendment.  There
22 is no right under the Federal Constitution to be conditionally
23 released before the expiration of a valid sentence.  Swarthout v.
24 Cooke, 562 U.S. –, 131 S.Ct. 859, 862 (2011).  A criminal
25 sentence that is "grossly disproportionate" to the crime for
26 which a defendant is convicted may violate the Eighth Amendment.
27 Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Harmelin v. Michigan,
28 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); Rummel v.

12

1  Estelle, 445 U.S. 263, 271 (1980).  Outside of the capital
2  punishment context, the Eighth Amendment prohibits only sentences
3  that are extreme and grossly disproportionate to the crime.
4  United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992)
5  (quoting Harmelin v. Michigan, 501 U.S. 957, 1001, (1991)
6  (Kennedy, J., concurring)).  Such instances are "exceedingly
7  rare" and occur in only "extreme" cases.  Lockyer v. Andrade, 538
8  U.S. at 72-73; Rummel, 445 U.S. at 272.  As long as a sentence
9  does not exceed statutory maximums, it will not be considered
10 cruel and unusual punishment under the Eighth Amendment.  See,
11 United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir. 1998);
12 United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990).
13      Petitioner appears to be alleging that adding forty days to
14 his sentence of seventy-seven months for a violation of 18 U.S.C.
15 § 922(g)(1) constitutes cruel and unusual punishment.  Title 18
16 U.S.C. § 924(a)(2) provides that one who knowingly violates §
17 922(g) shall be fined, imprisoned not more than ten years, or
18 both.  There is no indication that the loss of forty days of
19 conduct credit, when added to the seventy-seven months of
20 Petitioner's sentence, would exceed the statutory maximum of ten
21 years of imprisonment.  Thus, it would not constitute cruel and
22 unusual punishment.
23      To the extent that Petitioner's cruel and unusual punishment
24 claim relates to the duration of Petitioner's confinement, it
25 does not entitle Petitioner to relief.  Further, if leave to
26 amend were granted, Petitioner could not allege a tenable cruel
27 and unusual punishment claim relating to the duration of his
28 confinement.

Accordingly, it will be recommended that to the extent that Petitioner's claim of cruel and unusual punishment sounds in habeas corpus, it be dismissed without leave to amend.

### IX. Petititioner's Motion for a Temporary Restraining Order

On June 21, 2012, Petitioner filed in this habeas proceeding a motion for a temporary restraining order in which he complained of limitations on his privileges and the use of allegedly excessive force by prison staff in retaliation for Petitioner's having protested various limitations on his privileges. A reading the motion in its entirety reveals that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.

Relief by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 extends to a prisoner who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Note to Rule 1 of the Rules Governing Section 2254 Cases (Habeas Rules), 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Note to Habeas Rule 1, 1976 Adoption.

///

14

Because in the motions Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, these particular claims are cognizable in a civil rights action rather than a petition for writ of habeas corpus. Accordingly, it will be recommended that Petitioner's motion be denied.

X.  Recommendations

In summary, Petitioner raises various claims in the petition, including but not limited to denials of due process of law and violations of federal law in connection with disciplinary proceedings which resulted in a loss of good time credits and a disciplinary placement.

Insofar as Petitioner alleges violations of the Equal Protection Clause, the Sixth Amendment, Eighth Amendment, Ninth Amendment, Thirteenth Amendment, various program statements, and claims concerning the Petitioner's conditions of confinement, Petitioner's claims must be dismissed without leave to amend.

However, with respect to the remainder of claims in the FAP, Respondent should be ordered to file a response to the FAP.

Accordingly, it is RECOMMENDED that:

1) Petitioner's claims in the FAP concerning violations of the Equal Protection Clause, the Sixth Amendment, Eighth Amendment, Ninth Amendment, Thirteenth Amendment, various program statements, and claims concerning the Petitioner's conditions of confinement be DISMISSED without leave to amend; and

2) Petitioner's motion for a temporary restraining order be DENIED; and

3) With respect to the remaining claims in the petition,

the proceeding be REFERRED back to the Magistrate Judge to direct Respondent to file a response to the FAP.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 3, 2012**                                /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE