UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY BURGESS, | ) | 1:12-cv—00544-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATIONS RE: DISMISSAL OF |
| | ) | SOME CLAIMS WITHOUT LEAVE TO |
| v. | ) | AMEND (DOCS. 11, 7) |
| | ) | |
| HECTOR ALFONSO RIOS, Warden, | ) | ORDER DISMISSING WITHOUT LEAVE TO |
| | ) | AMEND PETITIONER'S CLAIMS IN THE |
| Respondent. | ) | FIRST AMENDED PETITION CONCERNING |
| | ) | CONDITIONS OF CONFINEMENT AND |
| | ) | VIOLATIONS OF THE EQUAL |
| | | PROTECTION CLAUSE AND THE SIXTH, |
| | | EIGHTH, NINTH, AND THIRTEENTH |
| | | AMENDMENTS (DOC. 7) |

ORDER RE: FINDINGS AND
RECOMMENDATIONS (DOCS. 11, 10)

ORDER DISMISSING PETITIONER'S
MOTION FOR A TEMPORARY
RESTRAINING ORDER (DOC. 10)

ORDER DISMISSING PETITIONER'S
MOTIONS FOR TEMPORARY RESTRAINING
ORDERS (DOCS. 19, 20)

ORDER REFERRING THE PROCEEDING
BACK TO THE MAGISTRATE JUDGE TO
DIRECT THE FILING OF A RESPONSE
TO THE REMAINING CLAIMS IN THE
FIRST AMENDED PETITION

Petitioner is a federal prisoner proceeding pro se and in

1

forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court are findings and recommendations as well as motions for injunctive relief.

## I. Findings and Recommendations

On July 5, 2012, the Magistrate Judge filed findings and recommendations recommending the dismissal without leave to amend of some claims in the first amended petition (FAP), the dismissal of Petitioner's request for a temporary restraining order, and referral of the proceeding back to the Magistrate Judge to direct the Respondent to respond to the remaining claims in the FAP. The findings and recommendations were served on all parties on the same date. The findings and recommendations permitted the filing of objections within thirty days. On August 31, 2012, Petitioner filed objections to the findings and recommendations, which the Court will consider to have been timely filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. The undersigned has carefully reviewed the entire file and has considered the objections; the undersigned has determined there is no need to modify the findings and recommendations based on the points raised in the objections. The Court finds that the report and recommendation is supported by the record and proper analysis.

## II. Additional Motions for Temporary Restraining Orders

On August 14, 2012, Petitioner filed a document styled as a letter or motion to produce in which Petitioner sought a

2

temporary restraining order against specified prison staff members from discriminating and interfering with Petitioner, using unspecified force against Petitioner, withholding legal documents submitted for copying, and separating Petitioner from his property due to Petitioner's in transit status.  (Doc. 19, 1-2.)  Petitioner also sought legal documents previously provided to staff, some form of compensation, and transfer.

On August 20, 2012, Petitioner filed a document styled as a notice to the Court in which Petitioner noted the subsequent return to him of the documents he had previously delivered to prison staff but sought a temporary restraining order and transfer or release from custody.  (Doc. 20, 1-2.)

After reading the motions in their entirety, it is clear that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.

It is established that relief by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 extends to a prisoner who shows that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Note to Rule 1 of the Rules Governing Section 2254 Cases (Habeas Rules), 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S.

136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Note to Habeas Rule 1, 1976 Adoption.

Because in the motions Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, these particular claims are cognizable in a civil rights action rather than a petition for writ of habeas corpus.

Accordingly, it will be ordered that Petitioner's motions be dismissed.

Accordingly, it is hereby ORDERED that:

1. The Findings and Recommendations filed on July 5, 2012, are ADOPTED in full;

2. Petitioner's claims in the FAP concerning violations of the Equal Protection Clause, the Sixth Amendment, Eighth Amendment, Ninth Amendment, Thirteenth Amendment, various program statements, and claims concerning the Petitioner's conditions of confinement are DISMISSED without leave to amend;

3. Petitioner's motions for temporary restraining orders are DENIED; and

4. The case is referred back to the Magistrate Judge to direct a response to the remaining claims in the first amended petition.

IT IS SO ORDERED.

Dated:   September 14, 2012

CHIEF UNITED STATES DISTRICT JUDGE