UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY BURGESS, | ) | 1:12-cv—00544-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DENY PETITIONER'S MOTION FOR |
| | ) | RELIEF (DOC. 28) |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| HECTOR ALFONSO RIOS, Warden, | ) | DENY PETITIONER'S MOTIONS FOR |
| | ) | INJUNCTIVE RELIEF |
| Respondent. | ) | (DOCS. 27, 31, 43) |
| | ) | |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court are various motions filed by Petitioner, who is proceeding with a petition challenging a disciplinary finding that Petitioner committed an assault upon a fellow inmate on September 7, 2009, which resulted

1

in a loss of forty days of good time credit, placement in the secured housing unit for five months, and limitations of various privileges.  On November 19, 2012, Respondent filed an answer to the petition.  Respondent contended that Petitioner was not denied his constitutional rights in connection with the disciplinary procedures and findings, and that the finding of guilt was supported by some evidence.  Petitioner filed a traverse on December 17, 2012.  Thus, the case is fully briefed.

    I.   <u>Motion for Relief</u>

On October 30, 2012, Petitioner filed a motion for relief from the disciplinary proceeding that is the subject of the petition.  (Doc. 28.)  No opposition was filed.  In the motion, Petitioner alleged that the disciplinary finding was a result of the misrepresentation and misconduct of prison officials. Petitioner prayed for the relief to which he is entitled in this proceeding pursuant to Fed. R. Civ. P. 60(b)(3), which permits a court to grant relief from a final judgment or order on the basis of fraud.

Although the present case is ready for decision, no final judgment or order has been rendered.  Therefore, Petitioner's motion pursuant to Fed. R. Civ. P. 60(b)(3) is premature. Accordingly, it will be recommended that Petitioner's motion for relief be denied.

    II.   <u>Motions for Injunctive Relief</u>

On October 29, 2012, Petitioner filed a motion entitled, "Motion to Show Cause," in which Petitioner moved the Court for an order directing the Respondent to show cause why it was necessary to transfer Petitioner out of this district during the

1  pendency of the present proceedings. (Doc. 27.)  On November 6,
2  2012, Petitioner filed a similar motion.  (Doc. 31.)  Petitioner
3  also filed proofs of service of the motion or motions on
4  Respondent.  (Doc. 31.)  No opposition was filed.  Later docket
5  entries show that Petitioner was transferred to custodial
6  institutions in Colorado (Doc. 32) and Oklahoma (Doc. 37).  The
7  docket presently indicates that Petitioner's address is the
8  Florence High United States Penitentiary in Florence, Colorado.
9      On January 18, 2013, Petitioner filed a motion entitled,
10 "Motion for Consideration and Complaint (Fed. R. Civ. P. 65)."
11 (Doc. 43.)  Petitioner alleged that prison staff had withheld or
12 delayed Petitioner's outgoing legal mail in December 2012.
13 Petitioner requested injunctive relief to prevent any such
14 violations in the future as well as punitive damages.  (Doc. 43
15 at 2-7.)
16     Relief by way of a writ of habeas corpus pursuant to 28
17 U.S.C. § 2241 extends to a prisoner who shows that the custody
18 violates the Constitution, laws, or treaties of the United
19 States.  28 U.S.C. § 2241(c)(3).  A habeas corpus petition is the
20 correct method for a prisoner to challenge the legality or
21 duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574
22 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485
23 (1973)); Advisory Committee Note to Rule 1 of the Rules Governing
24 Section 2254 Cases (Habeas Rules), 1976 Adoption.
25     In contrast, a civil rights action pursuant to 42 U.S.C.
26 § 1983 is the proper method for a prisoner to challenge the
27 conditions of that confinement.  McCarthy v. Bronson, 500 U.S.
28 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at

3

574; Advisory Committee Note to Habeas Rule 1, 1976 Adoption.

Because in the motions concerning transfer and mail, Petitioner seeks to challenge the conditions of his confinement and not the legality or duration of his confinement, these particular claims are cognizable in a civil rights action rather than a petition for writ of habeas corpus. Accordingly, it will be recommended that the motions for injunctive relief be denied.

III.  Recommendations

Accordingly, it is RECOMMENDED that:

1)  Petitioner's motion for relief be DENIED as premature; and

2) Petitioner's motions for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d ///

1153 (9th Cir. 1991).

IT IS SO ORDERED.

| Dated: March 12, 2013 | /s/ Sheila K. Oberto |
| --- | --- |
| | UNITED STATES MAGISTRATE JUDGE |