UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY BURGESS,<br><br>        Petitioner,<br><br>  v.<br><br>HECTOR ALFONSO RIOS, Warden,<br><br>        Respondent. | 1:12-cv—00544-AWI-SKO-HC<br><br>ORDER DEFERRING CONSIDERATION OF PETITIONER'S MOTION FOR PRODUCTION OF DOCUMENTS UNTIL THE COURT CONSIDERS THE MERITS OF THE PETITION (DOC. 30) |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.  Pending before the Court is Petitioner's motion for production of documents, which was served on Respondent on October 21, 2012, and filed on November 5, 2012. Respondent filed opposition to the motion on November 20, 2012, considering Petitioner's motion to be a request for leave to conduct discovery.  Petitioner filed a reply on January 8, 2013.

///

1

Petitioner seeks to have the Court require Respondent to 1) produce photocopies of all prison policies and procedures that are in issue in this case pursuant to Fed. R. Civ. P. 34; and 2) respond to 112 requests for admissions.

The petition concerns a disciplinary finding that Petitioner committed an assault upon a fellow inmate on September 7, 2009, which resulted in a loss of forty-days good time credit, placement in the secured housing unit for five months, and limitations of various privileges. On November 19, 2012, Respondent filed an answer to the petition in which Respondent contended that Petitioner was not denied his constitutional rights in connection with the disciplinary procedures and findings, and that the finding of guilt was supported by some evidence. Petitioner filed a traverse on December 17, 2012. Thus, the case is fully briefed.

"The writ of habeas corpus is not a proceeding in the original criminal prosecution, but an independent civil suit...." Riddle v. Dyche, 262 U.S. 333, 335-336 (1923); see, e.g., Keeney v. Tamayo-Reyes, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). However, modern habeas corpus procedure has the same function as an appeal of a criminal trial. O'Neal v. McAninch, 513 U.S. 440, 442 (1995). A habeas proceeding does not proceed to a regular trial, and unlike a party in other civil litigation, a habeas corpus petitioner is not entitled to broad discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969).

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) provides in

1 pertinent part that a judge may, for good cause, authorize a
2 party to conduct discovery under the Federal Rules of Civil
3 Procedure and may limit the extent of discovery.  Habeas Rule
4 6(a).  A party requesting discovery must provide reasons for the
5 request, which must include any proposed interrogatories and
6 requests for admission, and must specify any requested documents.
7 Habeas Rule 6(b).

8     Although discovery is available pursuant to Rule 6, it is
9 only granted at the Court's discretion, and upon a showing of
10 good cause.  Bracy, 520 U.S. 899, 904; McDaniel v. United States
11 District Court, 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood,
12 114 F.3d 1002, 1009 (9th Cir. 1997).  Even if a court grants
13 discovery, "the scope and extent of such discovery is a matter
14 confided to the discretion of the District Court."  Bracy, 520
15 U.S. at 909. Courts should not permit a petitioner to "use
16 federal discovery for fishing expeditions to investigate mere
17 speculation." Calderon v. United States Dist. Ct. for the
18 Northern Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1106 (9th Cir.
19 1996).  "'Habeas corpus is not a general form of relief for those
20 who seek to explore their case in search of its existence.'"
21 Calderon, 98 F.3d at 1106 (quoting Aubut v. State of Maine, 431
22 F.2d 688, 689 (1st Cir. 1970)).  Discovery is appropriate where
23 specific allegations in a verified petition before the Court
24 demonstrate that with respect to an exhausted claim, the
25 petitioner may, if the facts are fully developed, be able to
26 establish he is entitled to relief.  Harris v. Nelson, 394 U.S.
27 286, 299; Calderon, 98 F.3d at 1106-07 (9th Cir. 1996).
28

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).  Review of the petition must proceed in an orderly fashion and with care to conserve the resources of the Court and the parties.

Because of the nature of the discovery requests, the Court cannot rule on Petitioner's motion until the merits of Petitioner's case are considered.  In view of the preliminary stage of the proceedings in this action, the Court exercises its discretion to DEFER consideration of the Petitioner's motion for production until the merits of the affected claims are considered.

IT IS SO ORDERED.

**Dated:   March 12, 2013**               /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

4