UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY BURGESS,<br><br>    Petitioner,<br><br>   v.<br><br>WARDEN HECTOR ALFONZO RIOS,<br><br>    Respondent. | Case No. 1:12-cv-00544-AWI-SKO-HC<br><br>ORDER TO RESPONDENT TO SHOW CAUSE NO LATER THAN TWENTY (20) DAYS AFTER SERVICE OF THIS ORDER WHY SANCTIONS SHOULD NOT BE IMPOSED FOR RESPONDENT'S FAILURE TO COMPLY WITH AN ORDER OF THE COURT (DOC. 50)<br><br>ORDER DIRECTING RESPONDENT TO FILE NO LATER THAN TWENTY (20) DAYS AFTER SERVICE OF THIS ORDER OPPOSITION OR NOTICE OF NON-OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO AMEND (DOC. 49)<br><br>ORDER PERMITTING PETITIONER TO FILE A REPLY NO LATER THAN THIRTY DAYS AFTER SERVICE OF ANY OPPOSITION<br><br>INFORMATIONAL ORDER TO RESPONDENT |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.

I. Background

Petitioner filed a first amended petition for writ of habeas corpus on May 3, 2012. Many of Petitioner's numerous claims were

dismissed in September 2012, and Respondent was directed to file a response to the petition.  Respondent filed an answer on November 19, 2012, and Petitioner filed a traverse on December 17, 2012.

On July 5, 2013, Petitioner filed a motion for leave to file an amended complaint, which the Court considered to be a motion for leave to file an amended petition.  On July 9, 2013, the Court issued an order setting a briefing schedule directing Respondent to file an opposition or a notice of non-opposition no later than thirty days after service; Petitioner was to file a reply within thirty days after service of Respondent's brief.  The entry and issuance of the order are set forth on the docket.  (Doc. 50.)  The associated notice of electronic filing reflects that the order was electronically mailed to the Bureau of Prisons Regional Counsel, the Litigation Coordinator, and Mark Joseph McKeon (specifically, mark.mckeon@usdoj.gov, Filly.DaSilva@usdoj.gov, michelle.holliday@usdoj.gov, usacae.ecffrsgen@usdoj.gov).  Thus, Respondent had ample notice of the order.

Although over sixty days have passed since the Court issued the briefing order, Respondent has not filed either an opposition to the motion or a notice of non-opposition.

II. <u>Order to Respondent to Show Cause Why Sanctions Should Not Be Imposed</u>

A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(b), 11; Local Rule 110; <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 31, 42-43 (1991).  Local Rule 110 provides that a failure of counsel or of a party to comply with the Local Rules or with any order of the

Court may be grounds of imposition by the Court of any and all sanctions authorized by statute, rule, or within the inherent power of the Court.

A Court may impose monetary sanctions, payable to the Court, in the nature of a fine pursuant to the Court's inherent powers where the Court finds that the offending conduct was undertaken in bad faith. Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989). Monetary sanctions may be imposed for violation of a local rule upon a finding of conduct amounting to recklessness, gross negligence, or repeated unintentional flouting of court rules. Id. at 1480. Sanctions should not be imposed without giving counsel notice and an opportunity to be heard. Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir. 1983).

Here, Respondent has failed to comply with an order of the Court where Respondent apparently had notice of the order and the ability to comply. Respondent's failure has resulted in delay in readying Petitioner's motion for decision. It has further required the expenditure of the Court's scarce resources to enforce an order that should require no policing, but rather should depend for its effectuation upon the professionalism of Respondent's counsel and the good will of the pertinent party to the action -- which is Respondent.

Respondent will be given an opportunity to show cause why sanctions should not be imposed.

Respondent is INFORMED that a failure to respond to this order will be deemed a wilful failure to comply with an order of the Court.

///

### III. Respondent's Obligation to File Opposition or Notice of Non-Opposition to Petitioner's Motion for Leave to Amend

Pursuant to this Court's order of July 9, 2013, Respondent continues to have an obligation to file an opposition or a notice of non-opposition to Petitioner's motion for leave to file an amended petition.

### IV. Disposition

Accordingly, it is ORDERED that:

1) No later than twenty (20) days after the date of service of this order, Respondent shall SHOW CAUSE in writing why sanctions should not be imposed for Respondent's failure to comply with the Court's briefing order; and

2) No later than twenty (20) days after the date of service of this order, Respondent shall FILE opposition or notice of non-opposition to Petitioner's motion for leave to file an amended petition; and

3) Any reply by Petitioner to any opposition filed by Respondent shall be FILED no later than thirty days after the date of service of the opposition.

Respondent is INFORMED that a failure to comply with this order shall be considered to a wilful failure to comply with an order of the Court.

IT IS SO ORDERED.

Dated:   **September 27, 2013**              **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE