UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY BURGESS,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN HECTOR ALFONZO RIOS,<br><br>          Respondent. | Case No. 1:12-cv-00544-AWI-SKO-HC<br><br>ORDER DENYING PETITIONER'S REQUEST FOR SANCTIONS (DOC. 55)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR LEAVE TO FILE A SECOND AMENDED PETITION (DOC. 49)<br><br>**OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS** |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's motion for leave to file a second amended petition, which was filed on July 5, 2013. Petitioner has also requested that the Court sanction Respondent for delay in responding to a previous briefing order of the Court.

   I.   Background

Petitioner filed a first amended petition for writ of habeas corpus on May 3, 2012. Many of Petitioner's numerous claims were dismissed in September 2012, but claims concerning due process

1

violations in a prison disciplinary proceeding remained.  Respondent filed an answer on November 19, 2012, and Petitioner filed a traverse on December 17, 2012.  On July 5, 2013, Petitioner filed a motion for leave to file an amended complaint, which the Court considered to be a motion for leave to file an amended petition. After the Court issued briefing orders, Respondent filed opposition to Petitioner's motion on October 21, 2013.  Petitioner filed a reply on November 4, 2013.

  I. <u>Order Denying Petitioner's Request for Sanctions</u>

  Although Respondent delayed in responding to the Court's briefing order, Respondent explained the delay and submitted briefing in compliance with the Court's briefing directions.  It does not appear that Petitioner suffered any prejudice from Respondent's delay.

  Accordingly, Petitioner's request for sanctions is DENIED.

  II. <u>Motion to Amend the Petition</u>

    A. <u>Legal Standards</u>

  A petition for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions to the extent that the civil rules are not inconsistent with any statutory provisions or the rules governing section 2254 cases.  28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  Fed. R. Civ. P. 15(a) may be used to permit the petitioner to amend the petition.  <u>Withrow v. Williams</u>, 507 U.S. 680, 696 n.7 (1993).  Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of the pleading, a required responsive pleading,

or a motion under Rule 12(b), (e), or (f), whichever is earlier; in all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave.  The Court should freely grant leave when justice so requires.

Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Amendment may be disallowed if the amendment would be futile, such as where the amended matter is duplicative or patently frivolous, or where the pleading presents no new facts but only new theories and provides no satisfactory explanation for failing fully to develop the contentions originally. Ibid.

B. Analysis

In the motion and the reply, Petitioner seeks to add to the petition a claim or claims concerning Petitioner's classification score and his custody level, which Petitioner alleges were improperly computed in violation of his rights.  Petitioner seeks release to a residential drug abuse program and compensation.

Petitioner's request to add a claim or claims concerning his classification score challenge the conditions of his confinement. Petitioner alleges he originally alleged such a claim or claims. However, in an order filed and served on Petitioner on September 17, 2012 (doc. 22), the Court adopted the Magistrate Judge's findings and recommendations and dismissed Petitioner's claims concerning allegedly retaliatory and discriminatory conditions of confinement without leave to amend and with directions to Petitioner that such

3

claims should be brought in a civil rights action pursuant to Bivens v. Six Unknown Named Narcotics Agents, 403 U.S. 388 (1971). (Doc. 22; doc. 11 at pp. 6-7.)

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens[1] action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of confinement and thus should have been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241, but to the extent the complaint sought damages for civil rights violations, it should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (unpublished) (appropriate remedy for a federal prisoner's claim that relates to the conditions

---

[1] The reference is to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

4

of his confinement is a civil rights action under Bivens; but see, Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus is available pursuant to § 2241 for claims concerning denial of good time credits from subjection to greater restrictions of liberty, such as disciplinary segregation, without due process of law); Cardenas v. Adler, 2010 WL 2180378 (No.1:09-cv-00831-AWI-JLT-HC, May 28, 2010) (petitioner's challenge to the constitutionality of the sanction of disciplinary segregation and his claim that the disciplinary proceedings were the product of retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

Claims concerning various prison conditions brought pursuant to § 2241 have been dismissed in this district for lack of subject matter jurisdiction with indications that an action pursuant to Bivens is appropriate. See, e.g., Dyson v. Rios, 2010 WL 3516358, *3 (E.D.Cal. Sept. 2, 2010) (a claim challenging placement in a special management housing unit in connection with a disciplinary violation); Burnette v. Smith, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009) (a petition seeking a transfer and prevention of retaliation by prison staff); Evans v. U.S. Penitentiary, 2007 WL 4212339 at *1 (E.D.Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer and inadequate medical care).

Here, the claims Petitioner seeks to add to the petition concern the conditions of his confinement and do not bear a relationship to the legality or duration of his confinement. Because these claims relate solely to the conditions of his confinement, the Court lacks habeas corpus jurisdiction over the claims pursuant to § 2241. It would thus be futile for Petitioner

to file a second amended petition raising Petitioner's conditions claims.

Accordingly, it will be recommended that Petitioner's motion for leave to file a third amended petition be denied.

III. Recommendations

Accordingly, it is RECOMMENDED that Petitioner's motion for leave to file a second amended petition be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 14, 2014**              **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE

6