1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**

8                   **EASTERN DISTRICT OF CALIFORNIA**

9
10

11  COREY BURGESS,                          Case No. 1:12-cv-00544-AWI-SKO-HC

12          Petitioner,                     FINDINGS AND RECOMMENDATIONS TO
                                            DENY THE FIRST AMENDED PETITION FOR
        v.                                  WRIT OF HABEAS CORPUS (DOC. 7) AND
13                                          TO ENTER JUDGMENT FOR RESPONDENT
14
    WARDEN HECTOR ALFONZO RIOS,             **OBJECTIONS DEADLINE:**
15                                          **THIRTY (30) DAYS**
            Respondent.
16

17

18          Petitioner is a federal prisoner proceeding pro se and in forma

19  pauperis with a petition for writ of habeas corpus pursuant to 28

20  U.S.C. § 2241.  The matter has been referred to the Magistrate Judge

21  pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

    Pending before the Court is the first amended petition (FAP), which
22
    was filed on May 3, 2012.  After some claims in the FAP were
23
    dismissed without leave to amend, Respondent filed an answer to the
24
    FAP on November 19, 2012.  Petitioner filed a traverse on December
25
    17, 2012.
26
        I.  Jurisdiction over the Subject Matter and the Person
27              of the Respondent

28
        Because the petition was filed after April 24, 1996, the

                                    1

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

Petitioner's claims relate to alleged violations of rights suffered in connection with a prison disciplinary hearing that resulted in the loss of credits for good conduct time (GCT).  A claim challenging the manner, location, or conditions of a sentence's execution must be brought under § 2241.  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000).  A challenge to the manner in which a sentence is executed must be brought in a habeas petition pursuant to 28 U.S.C. § 2241.  <u>Tucker v. Carlson</u>, 925 F.2d 330, 331 (9th Cir. 1991) (concerning whether the parole commission had improperly failed to credit the prisoner's federal sentence with time served in state custody).  Thus, this Court has jurisdiction over Petitioner's claims, which concern the execution of his sentence.

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).  Petitioner has named as Respondent the warden of his institution of confinement at the time of the filing of his petition, an officer who is within this judicial district.  Thus, the Court has subject matter jurisdiction over the petition as well as jurisdiction over the person of the Respondent.

It could be argued that the petition is moot because it appears from notices of address changes filed in this action that Petitioner

2

has been released from custody. (Docs. 65 & 66, filed August 26, 2014, and March 27, 2015.) Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id.

A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. 1, 18. A federal court has a duty to consider mootness on its own motion. Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004).

The passage of a release date does not render a claim regarding the release date moot when the sentence includes a term of supervised release. The possibility that the sentencing court might use its discretion to reduce the term of supervised release under 18 U.S.C. § 3583(e) is sufficient to prevent the petition from being moot. Tablada v. Thomas, 533 F.3d 800, 802 n.1 (9th Cir. 2008),

3

cert. den. 560 U.S. 964 (2010) (citing Mujahid v. Daniels, 413 F.3d 991, 994-995 (2005)).  Here, because Petitioner's sentence includes a two-year period of supervised release (doc. 36-1, 3), Petitioner's claims are not moot.

    II.  Procedural Background

     In the FAP filed on May 3, 2012, Petitioner alleges he is an inmate of the United States Penitentiary at Atwater, California (USPA), serving a sentence of seventy-seven months imposed in September 2008 in the United States District Court for the Eastern District of Missouri for being a felon in possession of a firearm. (FAP, 1-2.)  Petitioner complains of a finding, made by a disciplinary hearing officer (DHO) at the Federal Correctional Institution at Memphis (FCIM), that Petitioner had committed an assault upon a fellow inmate on September 7, 2009.  The finding resulted in a loss of forty days of GCT credit, placement in the secured housing unit for five months, and limitations of various privileges.

     Petitioner raised the following claims in the FAP: 1) his rights under the Due Process Clause, Equal Protection Clause, Sixth Amendment, Eighth Amendment, and various program statements of the Federal Bureau of Prisons (BOP) were violated by the delay in his receipt of the report of the DHO, which resulted in obstruction or extinction of Petitioner's right to appeal the finding; 2) his rights to due process of law under the Fifth and Fourteenth Amendments, and his rights under the Sixth Amendment, the Eighth Amendment's prohibition of cruel and unusual punishment, the Ninth Amendment, the Thirteenth Amendment, the Fourteenth Amendment, as well as "CONSPIRACY, DOUBLE PUNISHMENT, SLANDER, MALFEASANCE, FALSE

4

DECLARATION, DELIBERATE INDIFFERENCE, GROSS NEGLIGENCE, AND DISCRIMINATION" (FAP 6) were violated by the hearing officer's finding that Petitioner committed the assault because a) there was evidence contrary to the findings, and the DHO should base a decision on the greater weight of the evidence, b) the findings were "prejudice, bias, and impartial" (id. at 6), which appears to constitute a claim of a biased DHO or disciplinary tribunal, c) Petitioner was not permitted to present any evidence, d) Petitioner was not permitted to amend his notice to request staff representation when it was made clear to him that his full statement was not submitted with a "515" or "SIS" report (id. at 7), e) his request for "camera review" was not admissible, and f) his statement to Lieutenant J. Phillips, an investigator, that Petitioner had been in a struggle with inmate Young, was coerced; 3) Petitioner's rights to due process under the Fifth and Fourteenth Amendments, protection from cruel and unusual punishment under the Eighth Amendment, and protection from involuntary servitude under the Thirteenth Amendment were violated by the failure to follow various program statements of the BOP which require full review of the findings, keeping of records of the hearing and supporting documents in central files, and hearing by three staff members instead of two; 4) Petitioner's rights under the Fifth, Sixth, Eight, Ninth, Thirteenth, and Fourteenth Amendments as well as "CONSPIRACY" (id. at 9) were violated by a conspiracy among the investigating officer, Lieutenant J. Phillips, and the warden, associate warden, Captain Phil Roberts, and Lieutenant J. Elam at FCIM, when a) Petitioner was deceived by Lt. Phillips' statement that Petitioner was not being referred for prosecution or being charged with an assault, b) Petitioner's

5

statement was not included in a report, nor was there any mention of how Young's injuries were inflicted, how Petitioner incurred a scratch on his face, or of the use of any weapon, c) various program statements concerning the qualifications and certifications of the investigating officer and the duty of an investigating officer to provide a report, read charges, and state the reason for any delay were disregarded, and d) Lieutenant S. Plunkett undertook a second investigation but refused to record Petitioner's statement, and unspecified evidence was overlooked.

Petitioner seeks monetary relief for settlement of his claim on each level of appeal; an injunction or declaration that detention in the United States Prison system is arbitrary, unlawful, and unconstitutional; injunctive relief against transfer, detention, destruction of files, and staff interference and retaliation; and surrender of all evidence related to the incident report, including the full names of all staff involved; expungement of the incident report and all subsequent incident reports; restoration of Petitioner's good conduct credits, all points, and his former custody classification; dismissal of close supervision; and transfer or release to a residential drug abuse program. (FAP at 11.)

On September 17, 2012, the Court dismissed many of Petitioner's claims without leave to amend, including 1) Petitioner's claims concerning conditions of confinement, including Petitioner's complaints concerning conspiracy, retaliation, slander, deliberate indifference, gross negligence, discrimination, deceptive statements concerning the authorities' intentions concerning prosecution or charges, and limitations on various privileges in prison; 2) Petitioner's requests for relief related to the conditions of

6

confinement, including monetary and injunctive relief concerning
staff interference and retaliation, orders concerning the possession
of evidence relating to the incident report, changes in Petitioner's
classification points and custody classification, termination of
close supervision, and transfer or release to a residential drug
abuse program; 3) Petitioner's claims based on violations of program
statements of the BOP (e.g., the failure to include Petitioner's
statement in a report, a delay in Petitioner's
receipt of the DHO's report, the extent of the BOP's review of
the findings, the manner in which records of the disciplinary
hearing were stored in the central files, the identity and
qualifications of the staff members who heard the violation, the
reading of charges, and a statement of the reasons for delay); and
4) Petitioner's claims that the delay in his receipt of the report
of the disciplinary hearing officer (DHO) violated his rights under
the Equal Protection Clause and the Sixth, Eighth, Ninth, and
Thirteenth Amendments.  (Doc. 22.)  Thus, this Court addresses only
the remaining claims in the FAP.

The Court notes that Petitioner may be attempting to raise new
claims in the traverse, such as Petitioner's entitlement to money
damages, as well as the BOP's response in administrative appellate
proceedings, its replies to Petitioner's requests pursuant to the
Freedom of Information Act for his central file, and its placement
decisions concerning Petitioner.  (Doc. 41, 2-4, 15, 22.)  It is
improper to raise substantively new issues or claims in a traverse,
and a court may decline to consider such matters.  To raise new
issues, a petitioner must obtain leave to file an amended petition
or additional statement of grounds.  Cacoperdo v. Demosthenes, 37

1   F.3d 504, 507 (9th Cir. 1994), <u>cert.</u> <u>den.</u>, 514 U.S. 1026 (1995).

2       The Court here has previously limited the scope of the

3   pleadings and has further declined to permit Petitioner to amend the

4   FAP.  (Docs. 22, 62.)  Because the new matters are beyond the scope

5   of the pleadings and are not properly before the Court, the Court

6   declines to consider any new matters set forth in the traverse.

7       III.  <u>Factual Background</u>

8       On November 16, 2009, Officer Phillips reported that on

9   September 7, 2009, immediately after Officer Jones had heard noise

10  in a cell, Jones observed Petitioner coming from the direction of

11  the cell with a small scratch on his nose.  Jones reported that the

12  inmate of the cell was found on the floor of the cell, bleeding from

13  his face.  (Doc. 36-1, 7, 17.)  The inmate sustained serious

14  injuries, including a large open wound above the left brow,

15  lacerations of the upper lip, and swelling of the left cheek; the

16  left eye was swollen shut, and one tooth was knocked out.  The

17  inmate was transported to a hospital, where he underwent surgery for

18  an orbital floor fracture.  (<u>Id.</u> at 7, 21-22.)  Petitioner also

19  sustained abrasions to the knuckles of his hand that were

20  inconsistent with his claim of a weight having fallen on his hand

21  but consistent with a physical altercation.  (<u>Id.</u>)  At the hearing

22  held before the DHO on November 24, 2009, Petitioner maintained that

23  the injuries were sustained in a fair fight in which Petitioner was

24  fighting for his life.  (<u>Id.</u> at 6-7.)

25      The DHO considered memoranda from Officers Elam, Jones, and

26  Garrett, who observed the pertinent events, alerted the institution,

27  and helped secure the area and perform body searches of the inmates.

28  (Doc. 36-1 at 12, 16.)  The DHO considered medical reports of

injuries sustained by Petitioner and the victim, and the victim's identification of Petitioner as the person who assaulted him without any provocation.  (Doc. 36-1, 7-8, 12, 16.)  The DHO considered Petitioner's statement and concluded it was unlikely the victim had sought to fight Petitioner when the victim was unclothed in preparation for a shower and unprotected, and the DHO determined that the account of a fair fight was inconsistent with the physical injuries.  (Id. at 8.)  The DHO found that the preponderance of the evidence sustained the charge.  The DHO's report was rewritten on February 25, 2011, to take the place of a previous report that apparently was lost in handling.  The rewritten report was delivered to the inmate on March 2, 2011.  (Id. at 9.)

    IV.   Violation of Due Process Resulting from Late Delivery of the DHO's Report

Petitioner alleges he suffered a violation of his right to due process of law from the delayed delivery of the DHO's report, which resulted in his loss of the right of appeal.

    A.   Legal Standards

For relief to be granted under 28 U.S.C. § 2241, Petitioner must demonstrate he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." Rose v. Hodges, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241).

Procedural due process requires that where the government has made good time subject to forfeiture only for serious misbehavior,

9

prisoners subject to a loss of good-time credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken.  Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974).  If the inmate is illiterate, or the issue is so complex that it is unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, the inmate should also have access to help from staff or a sufficiently competent inmate designated by the staff.  However, confrontation, cross-examination, and counsel are not required.  Wolff, 418 U.S. at 568-70.

In addition to the minimal standards of procedural due process set forth above, where good time credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  The Court in Hill stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974).

1   Superintendent v. Hill, 472 U.S. at 455-56.  The Constitution does

2   not require that the evidence logically preclude any conclusion

3   other than the conclusion reached by the disciplinary board; there

4   need only be some evidence to ensure there was some basis in fact

5   for the decision.  Superintendent v. Hill, 472 U.S. at 457.

6       A failure to meet a prison guideline regarding a disciplinary

7   hearing does not alone constitute a denial of due process.  See

8   Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989).  To

9   establish a denial of due process of law, prejudice is generally

10  required.  See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)

11  (proceeding pursuant to 28 U.S.C. § 2254); see also Tien v. Sisto,

12  Civ. No. 2:07 cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D.Cal.

13  Mar. 26, 2010) (while neither the United States Supreme Court nor

14  the Ninth Circuit Court of Appeals has spoken on the issue, numerous

15  federal Courts of Appeals, as well as courts in this district, have

16  held that a prisoner must show prejudice to state a habeas claim

17  based on an alleged due process violation in a disciplinary

18  proceeding, and citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir.

19  2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813

20  (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir.

21  2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v.

22  Carey, no. Civ. S 05 0801 JAM EFB P, 2008 WL 5381964, *5 (E.D.Cal.

23  Dec. 22, 2008); and Gonzalez v. Clark, no. 1:07 CV 0220 AWI JMD HC,

24  2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)); see also Smith v.

25  United States Parole Commission, 875 F.2d 1361, 1368-69 (9th Cir.

26  1989) (requiring a petitioner in a § 2241 proceeding who challenged

27  the government's delayed compliance with a procedural regulation

28  concerning the appointment of counsel before a record review in

1 parole revocation proceedings to demonstrate prejudice to be

2 entitled to habeas relief); <u>Standlee v. Rhay</u>, 557 F.2d 1303, 1307-08

3 (9th Cir. 1977) (the burden is on a parolee to demonstrate that

4 failure to permit a witness's live testimony at a revocation hearing

5 was so prejudicial as to violate due process).

6           B.  <u>Analysis</u>

7      The procedural protections provided for by <u>Wolff</u> did not

8 include a mandatory appeal of prison disciplinary findings.  Thus,

9 Petitioner has not shown that the delay in his receipt of the DHO's

10 report violated his constitutional rights.  Further, Petitioner

11 himself alleges his problem with the progress of his administrative

12 appeal was based on the failure to obtain an extension of time to

13 appeal, which was due to Petitioner's being in transit between

14 institutions and being physically separated from his legal property.

15 (FAP, doc. 7, 4-5.)  There is no showing that the timing of

16 Petitioner's receipt of the DHO's decision resulted in any prejudice

17 to Petitioner.

18      Accordingly, it will be recommended that Petitioner's due

19 process claim concerning delayed receipt of a DHO decision be

20 denied.

21      V.  <u>Due Process Violation Based on the DHO's Finding</u>

22      Petitioner alleges he suffered a due process violation when the

23 DHO found he had committed the assault because there was some

24 evidence that supported a contrary finding, and the weight of the

25 evidence actually supported Petitioner's innocence.

26      In determining whether some evidence of the violation supported

27 the finding, the Court does not make its own assessment of the

28 credibility of witnesses or reweigh the evidence; however, the Court

must ascertain that the evidence has some indicia of reliability and, even if meager, "not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting Superintendent v. Hill, 472 U.S. 445, 457 (1985)).  Evidence that has been evaluated and found to constitute "some evidence" supportive of various findings includes the report of a prison guard who saw several inmates fleeing an area after an assault on another inmate when no other inmates were in the area, Superintendent v. Hill, 472 U.S. 456-57; and the statement of a guard that the inmate had admitted a theft to supplement his income, coupled with corroborating evidence, Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989).

Here, the reports of the officers' observations at the time of the assault, the documented injuries, and the victim's statement to the investigating officer constituted some evidence to support the finding that Petitioner assaulted another inmate.  Accordingly, it will be recommended that the Court deny Petitioner's due process claim based on the weight of the evidence.

VI.  Biased Tribunal

Petitioner alleges the hearing officer was biased against him.

A fair trial in a fair tribunal is a basic requirement of due process that applies in prison disciplinary proceedings.  In re Murchison, 349 U.S. 133, 136 (1955); Wolff v. McDonnell, 418 U.S. at 570-71.  Fairness requires an absence of actual bias and of the probability of unfairness.  In re Murchison, 349 U.S. at 136.  Bias may be actual, or it may consist of the appearance of partiality in the absence of actual bias.  Stivers v. Pierce, 71 F.3d 732, 741

13

(9th Cir. 1995).  A showing that the adjudicator has prejudged, or reasonably appears to have prejudged, an issue is sufficient. Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir. 1992).  There is a presumption of honesty and integrity on the part of decision makers which may be overcome by evidence of a risk of actual bias or prejudgment based on special facts and circumstances.  Withrow v. Larkin, 421 U.S. 35, 46-47, 58 (1975).

The mere fact that a decision maker denies relief in a given case or has denied relief in the vast majority of cases does not demonstrate bias.  Stivers v. Pierce, 71 F.3d at 742.  Unfavorable judicial rulings alone are generally insufficient to demonstrate bias unless they reflect such extreme favoritism or antagonism that the exercise of fair judgment is precluded.  Liteky v. United States, 510 U.S. 540, 555 (1994).  A committee of correctional officers and staff, acting with the purpose of taking necessary disciplinary measures to control inmate behavior within acceptable limits, was sufficiently impartial to conduct disciplinary hearings and impose penalties, including revocation of good time credits. Wolff v. McDonnell, 418 U.S. at 570-71.

Here, there is no basis to conclude that the DHO had, or even appeared to have, any prior involvement or improper connection with Petitioner' case.  There is no evidence of any predisposition or prejudgment.  See 28 C.F.R. § 541.8; Clutchette v. Procunier, 497 F.2d 809, 820 (9th Cir. 1974), mod. 510 F.2d 613, rev'd. on other grounds, Baxter v. Palmigiano, 425 U.S. 308 (1976); see also Wolff, 418 U.S. at 592-93 (Marshall, J., concurring).  Petitioner has not shown any basis for rebuttal of the presumption of fairness.

14

1    Accordingly, it will be recommended that the Court deny

2 Petitioner's claim that he suffered a due process violation from a

3 biased tribunal.

4    VII.  Inability to Present Evidence

5    Petitioner alleges that he was not permitted to present any

6 evidence.

7       A.  Witnesses

8    The right to call witnesses and to present evidence at a

9 disciplinary hearing is limited by the prison authority's discretion

10 concerning undue hazards to institutional safety or correctional

11 goals.  Wolff v. McDonnell, 418 U.S. at 563-64.  The right to call

12 witnesses is circumscribed by the necessary mutual accommodation

13 between institutional needs and objectives and the provisions of the

14 Constitution that are of general application.  The Supreme Court has

15 noted that a disciplinary authority may decline to allow an inmate

16 to call a witness for irrelevance, lack of necessity, or hazards

17 presented in individual cases.  Baxter v. Palmigiano, 425 U.S. 308,

18 321 (1976).  A prison disciplinary hearing officer's decision that

19 an inmate's request to call witnesses may properly be denied as

20 irrelevant, unnecessary, unduly prolonging the hearing, or

21 jeopardizing prison safety, is entitled to deference from the Court.

22 See, Wolff v. McDonnell, 418 U.S. at 563-64; Ponte v. Real, 471 U.S.

23 491, 497-98 (1985); Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir.

24 1997); Zimmerlee v. Keeney, 831 F.2d 183, 187 (9th Cir. 1987).

25    Here, there is no showing of any denial of the qualified right

26 to present witnesses.  Petitioner's own statement was considered by

27 the DHO.  Petitioner did not request witnesses.  (Doc. 36-1, 12.)

28 Although Petitioner refused to sign any acknowledgments,

1  correctional officers signed documents indicating that Petitioner

2  was advised of his right to present witnesses on November 18, 2009,

3  six days before the DHO hearing; he not only failed to request

4  witnesses, but also affirmatively waived his right to present

5  witnesses.  (Id. at 6, 13-15.)

6       Accordingly, Petitioner has not shown that any denial of due

7  process resulted from an absence of witnesses.  It will thus be

8  recommended that Petitioner's due process claim based on inability

9  to present witnesses be denied.

10              B.   Documentary Evidence

11      Petitioner alleges that his right to present documentary

12  evidence was denied when the DHO declined Petitioner's request for

13  copies of videographic security records.

14      On November 19, 2009, the DHO communicated with the

15  investigating officers to determine if any video evidence had been

16  reviewed.  The response indicated that due to the amount of time

17  that could be spent reviewing the tape in a particular recording

18  system, no video evidence was available, and none had been

19  considered in connection with the charges.  (Doc. 36-1 at 30-31.)

20      As set forth above, there is only a qualified right or interest

21  in presenting a defense in a disciplinary proceeding.  See Wolff,

22  418 U.S. at 556, 563-72.  Petitioner has set forth no basis to

23  render additional protections necessary in this case.  Because there

24  was no video evidence available for the DHO to consider, Petitioner

25  cannot demonstrate a denial of due process based on the DHO's

26  alleged failure to consider such video evidence.

27      Accordingly, it will be recommended that the Court deny

28  Petitioner's due process claim based on the inability to present

1 | documentary evidence.

2 |    VIII.   <u>Statement Made to Officer Philips</u>

3 |    Petitioner contends his statement to investigating officer
4 | Phillips was coerced as the product of deception because before
5 | Petitioner made his statement, Phillips allegedly informed
6 | Petitioner that he was not being referred for prosecution or being
7 | charged with a 101 assault.  (Doc. 7, 7-9.)  Respondent does not
8 | address this contention.

9 |    There is no showing of any action on the part of the officer or
10 | any circumstance attending the investigation that would cause
11 | Petitioner's will to be overborne in making the statement.
12 | Considering all the circumstances attending Petitioner's statement
13 | to Officer Phillips, Petitioner has not shown that his statement was
14 | involuntary and thus a denial of due process.  <u>See</u> <u>Dickerson v.</u>
15 | <u>United States</u>, 530 U.S. 428, 434 (2000).  Accordingly, it will be
16 | recommended that Petitioner's due process claim concerning an
17 | involuntary statement be denied.

18 |    IX.   <u>Incomplete Investigation</u>

19 |    Petitioner contends the investigation of the matter was
20 | incomplete because Petitioner's statement was not included, and
21 | unspecified evidence was overlooked.  (Doc. 7, 10.)  The DHO's
22 | report of the hearing, however, clearly reflects that Petitioner's
23 | statement was considered.  Petitioner's vague and unsupported
24 | assertions concerning the failure to include unspecified evidence
25 | are not sufficient to warrant relief.

26 |    Allegations in a petition that are vague, conclusory, patently
27 | frivolous or false, or palpably incredible are subject to summary
28 | dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Accordingly, it will be recommended that that Court deny Petitioner's claim concerning an incomplete investigation.

X.    <u>Recommendations</u>

Based on the foregoing, it is RECOMMENDED that:

1)    The petition for writ of habeas corpus be DENIED; and

2)    Judgment be ENTERED for Respondent.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **May 26, 2015**              _____ **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE